IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


UNITED STATES OF AMERICA                                                    PLAINTIFF

V.                                          No. 4:01-cv-4070

VICTOR P. GONZALEZ and
LINDA J. GONZALEZ, husband and wife;
MONTGOMERY WARD CREDIT CORPORATION
and SHURTLEFF TILE CO.                                                      DEFENDANTS

### MEMORANDUM OPINION

Before the Court is a Motion for Summary Judgment filed by the United States of America ("Government").  (ECF No. 34).  The Government moves the Court for the entry of a judgment that establishes Victor P. and Linda J. Gonzalez's liability to pay certain indebtedness arising under a promissory note, mortgage, attendant loan subsidy repayment agreement, late and other loan charges, and interest.  The Government also moves for a declaration that it has a first and prior valid lien in and to the real estate at issue and that the interest of Montgomery Ward Credit Corporation and Shurtleff Tile Co. is subordinate and inferior to the lien of the Government.  No parties have filed a response in opposition to the Government's summary judgment motion, and the time for response has passed.[1]  The Court finds this matter ripe for consideration.

### BACKGROUND

The Government commenced this action against Victor and Linda Gonzalez to recover money owed to the Government pursuant to a Rural Development Service loan agreement that was entered into on February 25, 1985.  The Gonzalezes executed and delivered a promissory note, a copy of which is attached as Exhibit #1 to Plaintiff's First Amended Complaint, in order to secure

---

[1] Default has been entered as against the Separate Defendant Gonzalezes.  (ECF No. 33)

a home mortgage.  The Government is the owner and holder of this note.  (ECF No. 18).  A copy of the Government's mortgage is attached to Plaintiff's First Amended Complaint as Exhibit #2. (ECF No. 18).

The Gonzalezes also executed a Subsidy Repayment Agreement in order to receive an interest-credit subsidy from the Government.  The repayment agreement provides that any subsidy received is due and payable upon the sale or non-occupancy of the property by the Gonzalezes.  A copy of this repayment agreement is attached to Plaintiff's First Amended Complaint as Exhibit #3.  The Government is the owner and holder of this agreement.  (ECF No. 18).

Payments were not made on these loan agreements and the Government filed suit in May 2001 to recover against the Gonzalezes and to have priority as against other creditors, the Separate Defendants Montgomery Ward Credit Corporation and Shurtleff Tile Co. Separate Defendant Montgomery Ward Credit Corporation answered the original complaint and admitted that the Government's lien was superior to its lien.  (ECF No. 2).  The Government then obtained a decree of foreclosure as an in rem judgment on August 14, 2001.  However, the action was twice stayed when the Gonzalezes filed for Chapter 13 bankruptcy in May 2003 and again in May 2011.

On May 1, 2003, the Gonzalezes commenced a Chapter 13 Bankruptcy proceeding before the property was sold in a foreclosure sale.  The Gonzalezes paid into the Chapter 13 plan for some time, but their case was dismissed in October 2008 for failing to make certain payments.  The Government was then unable to collect.  In February 2010, the Government moved to reopen the case and set aside the prior in rem judgment (ECF No. 14).  In February 2010, the case was re-opened and the Government filed an amended complaint in April 2011. (ECF No. 18).  Separate Defendant Shurtleff Tile Co., like Separate Defendant Montgomery Ward Credit Corporation,

answered and admitted that the Government's lien was superior to its lien. (ECF No. 22). When the case was re-opened, Montgomery Ward Credit Corporation was properly served on April 29, 2011, but did not file a response. Default was entered against them on June 1, 2011. (ECF No. 24).

The Gonzalezes then filed a separate Chapter 13 proceeding on May 18, 2011, again staying this case. However, the second Bankruptcy case was dismissed October 19, 2011. The Government was again unable to collect and moved to reopen this case in November 2011. The case was reopened and the Government filed affidavits in support of the Gonzalezes' default. Default was entered on January 4, 2012. (ECF No. 33). The Government then filed the motion for summary judgment which is presently before the Court. (ECF No. 34)

This motion asks for the entry of a judgment that establishes the Gonzalezes' liability for certain indebtedness arising under a promissory note, mortgage, attendant loan subsidy repayment agreement, late and other loan charges, and interest. The Government also moves for a declaration that it has a first and prior valid lien in and to the real estate at issue and that the interests of Montgomery Ward Credit Corporation and Shurtleff Tile Co. are subordinate and inferior to the lien of the Government. Defendant Montgomery Ward Credit Corporation may claim a lien or some interest in the property that is the subject of this action by virtue of a Default Judgment they obtained against the Gonzalezes on February 9, 1995 in the Circuit Court of Little River County. Defendant Shurtleff Tile Co. may claim a lien or some interest in the property that is the subject of this action by virtue of a Judgment they obtained against the Gonzalezes on October 2, 2002 in the District Court of Little River County.

The Government asserts that there are no issues of fact regarding the Defendants' default and the Government's lien priority. The Government asserts that it is therefore entitled to judgment as

a matter of law regarding this issue.

## STANDARD OF REVIEW

The standard of review for summary judgment is well established. The Federal Rules of Civil Procedure provide that when a party moves for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(a); *Krenik v. County of LeSueur*, 47 F.3d 953 (8th Cir.1995). The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial-whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). *See also Agristor Leasing v. Farrow*, 826 F.2d 732 (8th Cir.1987); *Niagara of Wisconsin Paper Corp. v. Paper Indus. Union-Management Pension Fund*, 800 F.2d 742, 746 (8th Cir.1986). A fact is material only when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

The Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *See Nitsche v. CEO of Osage Valley Elec. Co-Op.*, 446 F.3d 841 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir.1996)  The nonmoving party must then

demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of LeSueur*, 47 F.3d at 957. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 256.

## DISCUSSION

The Gonzalezes have not answered and denied the execution of the loan, their failure to comply with the terms of the Note or agreement, or their default. The Government claims that its lien in the real estate tied to the note is superior to the interests of Montgomery Ward Credit Corporation and Shurtleff Tile Co. in this same real estate.

More specifically, the Government has submitted an affidavit and statement-of-account demonstrating the Government is the owner and holder of the promissory notes and mortgages of real property described as follows: "Lot 2 of Block 3 of Wallace Subdivision, as per plat recorded in "N" Misc. At Page 170." The account has been declared in default, and the Government has declared the entire balance due and payable and has made demand upon the Gonzalezes for payment. (ECF No. 18). The affidavit and statement of account, which is attached as Exhibit #1 to the motion for summary judgment, demonstrates that there is due and owing to the Government, a debt on the promissory note in the principal sum of $10,035.97, plus loan subsidy of $40,755.39, late and other loan charges of $4,860.48, and accrued interest of $3,950.80 through February 15, 2012, for a total of $59,602.64, with interest accruing thereafter at the rate of 3.2651 percent per annum until either expiration or cancellation of the interest credit agreement between the Government and the Gonzalezes. The promissory notes were properly executed by the Gonzalezes and have not been satisfied. (ECF Nos. 34, 35, 36).

Separate Defendant Shurtleff Tile Co. and Separate Defendant Montgomery Ward Credit Corporation admit that the Government's lien is superior to their liens. (ECF Nos. 2 & 22). As such, none of the parties have disputed the Government's claims as to its priority interest in the real estate or its claim for judgment. In fact, none of the parties have responded at all to the Government's motion for summary judgment, and the Gonzalezes are in default. (ECF No. 33) The Court finds that there is no genuine issue of fact to be litigated and is satisfied that the Government has sufficiently alleged and proved the Gonzalez's default and the existence and superiority of the Government's lien interest in the real estate according to the terms of the note and agreements themselves. Thus, the Government is entitled to summary judgment as a matter of law.

Based on the Gonzalez's default and the Government's priority in the real estate, an in rem judgment finding the following is appropriate:

**The defendants, Victor P. Gonzalez and Linda J. Gonzalez, are adjudged to owe the Government on the promissory note the principal sum of $10,035.97, plus loan subsidy of $40,755.39, late and other loan charges of $4,860.48, and accrued interest of $3,950.80 through February 15, 2012, for a total of $59,602.64, with interest accruing thereafter at the rate of 3.2651 percent per annum until either expiration or cancellation of the interest-credit agreement between the Gonzalezes and the Government; that Government has a first and prior valid lien in and to the real estate described in its Complaint and First Amended Complaint; and that the interests of Montgomery Ward Credit Corporation and Shurtleff Tile Co. are subordinate and inferior to the lien of the Government.**

If this judgment is not paid within a reasonable time, the real estate may be foreclosed upon in keeping with the provisions of the applicable foreclosure decree process. The lands can then be

ordered sold to satisfy the judgment, and the proceeds of any foreclosure sale should be applied first to the costs of the sale and then paid to the Government. Any surplus should then be paid to the other Separate Defendants as their interests appear and are validated. The Gonzalezes will remain liable for any deficiency that may exist once the real estate is sold.

## CONCLUSION

For the reasons discussed herein, the Court finds that the Government's motion for summary judgment (ECF. 34) should be and hereby is **GRANTED**. An order of even date, consistent with this opinion, shall issue.

**IT IS SO ORDERED**, this 3rd day of July, 2012.

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge