IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA,
                Plaintiff,

v.                                                                Civil No. 01-4070

VICTOR P. GONZALEZ and
LINDA J. GONZALEZ, husband and wife;
MONTGOMERY WARD CREDIT CORPORATION,
and SHURTLEFF TILE CO.,
                Defendants.

## DECREE OF FORECLOSURE

        Now on this 17th day of December 2012, this case comes on to be heard, and the Court being advised in the premises, finds:

        1.        That the Court has jurisdiction of the parties and subject matter herein.

        2.        That the Plaintiff filed its Complaint on May 4, 2001, against the Defendants, Victor P. Gonzalez, Linda Gonzalez, and Montgomery Ward Credit Corporation. That the Defendant, Montgomery Ward Credit Corporation, filed its answer on or about May 25, 2001. On August 14, 2001, this Court entered its Decree of Foreclosure in favor of Plaintiff, granting in rem judgment against the Defendants, Victor P. Gonzalez and Linda Gonzalez, and determining that any lien claimed by Montgomery Ward Credit Corporation was subordinate to Plaintiff's interest in the subject property.

        3.        On or about May 1, 2003, the Defendants, Victor P. Gonzalez and Linda Gonzalez, filed their Chapter 13 bankruptcy, Case No. 4:03-bk-72909, Western District of Arkansas. On or about October 22, 2008, the Bankruptcy Court dismissed the Bankruptcy proceeding.

4. On January 7, 2010, Plaintiff moved to reopen this case, and on February 10, 2010, Plaintiff moved to set aside the former Decree of Foreclosure. This Court set aside the Decree of Foreclosure on March 4, 2010. On April 13, 2011, Plaintiff filed its Amended Complaint against the Defendants, Victor P. Gonzalez, Linda Gonzalez, Montgomery Ward Credit Corporation, and Shurtleff Tile Co.

5. That the Defendant Victor P. Gonzalez was served with summons and a copy of amended complaint by certified mail on or about April 18, 2011.

6. That the Defendant Linda Gonzalez was served with summons and a copy of the amended complaint by certified mail on or about April 18, 2011.

7. That the Defendant Shurtleff Tile Co. was served with summons and a copy of the amended complaint by certified mail on or about April 18, 2011. Defendant Shurtleff Tile Co. filed its Answer to the Amended Complaint on or about April 28, 2011, admitting its lien is inferior to the Plaintiff's lien.

8. That the Defendant, Montgomery Ward Credit Corporation, was served with summons and a copy of the amended complaint by certified mail on or about April 29, 2011.

9. That on July 18, 2011, this case was stayed by the bankruptcy filing of the Defendants, Victor P. Gonzalez and Linda Gonzalez. On October 19, 2011, the Bankruptcy Court dismissed the Bankruptcy Case, and on December 15, 2011, this Court reopened this case.

10. On January 4, 2012, default was entered against the Defendants, Victor P. Gonzalez and Linda J. Gonzalez.

11. On February 16, 2012, Plaintiff filed its Motion for Summary Judgment, which was granted by this Court on July 3, 2012. The Judgment provided that the defendants, Victor P. Gonzalez and Linda J. Gonzalez, owe the Government on the promissory note the principal sum of

$10,035.97, plus loan subsidy of $40,755.39, late and other loan charges of $4,860.48, and accrued interest of $3,950.80 through February 15, 2012, for a total of $59,602.64, with interest accruing thereafter at the rate of 3.2651 percent per annum until either expiration or cancellation of the interest-credit agreement between the Gonzalezes and the Government; that Government has a first and prior valid lien in and to the real estate described in its Complaint and First Amended Complaint; and that the interests of Montgomery Ward Credit Corporation and Shurtleff Tile Co. are subordinate and inferior to the lien of the Government.

12. That for a valuable consideration to obtain loan assistance from the United States of America, acting by and through the Farm Service Agency, formerly known as Farmers Home Administration, United States Department of Agriculture, the Defendants, Victor P. Gonzalez and Linda J. Gonzalez, husband and wife, executed and delivered to Plaintiff a certain promissory notes in the principal amounts and due and payable as follows:

| DATE | PRINCIPAL | INTEREST | TERM |
|---|---|---|---|
| 2/25/1985 | 35,500.00 | 11.875% per annum | 33 Years |

13. To secure the full and final payment of the indebtedness owed to Plaintiff, said Defendants executed and acknowledged in the manner provided by law and delivered to Plaintiff the following described real estate mortgages conveying certain real property described therein:

| DATE OF MORTGAGE | DATE OF RECORDATION | BOOK & PAGE |
|---|---|---|
| 02/25/1985 | 02/25/1985 | Bk. 290, Pg. 562-566, Office of Little River County. |

14. That the Plaintiff is the legal holder of this note.

15. That the Plaintiff is the legal holder of this mortgage.

16. Said Defendants, Victor P. Gonzalez and Linda J. Gonzalez, violated the covenants of the note and mortgage. By reason of such default Plaintiff accelerated the indebtedness and declared the entire unpaid balance immediately due and payable, but said Defendants, Victor P. Gonzalez and Linda J. Gonzalez, failed and refused to pay the balance.

17. That despite notice and demand, the Defendants, Victor P. Gonzalez and Linda J. Gonzalez, have neglected and refused to pay their obligation on this note and are in default thereon, and the Plaintiff has declared the entire indebtedness due and payable and elected to seek judgment and judicial aid of its claim, as allowed in said mortgage and by law, and that there is due the Plaintiff on account of this note the sum total of $59,602.64, plus accrued interest accruing from February 15, 2012, at the rate of 3.2651 percent per annum.

17. For a valuable consideration, the Defendants, Victor P. Gonzalez and Linda J. Gonzalez, in said mortgage waived all rights of appraisement, sale, redemption and homestead, and particularly all rights of redemption under the Act of the Arkansas Legislature approved May 8, 1899, and acts amendatory thereof, and the said Defendants likewise expressly waived all rights or possibility of dower, curtsy, and homestead in and to said land and property.

18. That the relief now granted to the Plaintiff is not different as to type or material amount from that sought in its Amended Complaint.

19. That the time for the Defendants, Victor P. Gonzalez and Linda J. Gonzalez, to otherwise plead has now expired and they have failed to appear or plead to the Complaint; they are not infants, or incompetent persons, or in the active military service of the United States, and they are in default.

IT IS, THEREFORE, ORDERED AND DECREED:

That the Plaintiff, United States of America, have and recover judgment *in rem* against the property and not *in personam* against the Defendants in the amount of $59,602.64, plus additional costs and interest accruing at a rate of 3.2651 percent per annum from February 15, 2012, to date of judgment, together with interest at the legal rate of .15% percent per annum pursuant to 28 U.S.C. §1961(a) from the date of this judgment.

That the prayer of the Plaintiff, United States of America, for a Decree of Foreclosure should be, and is hereby, granted.

IT IS FURTHER ORDERED, that if the judgment of the Plaintiff is not paid within ten days from this date, then Harold M. Oglesby, United States Marshal for the Western District of Arkansas shall advertise the time, place and terms of judicial sale according to law and this decree, at least once weekly for four weeks prior to sale in a newspaper having a general circulation in Little River County, Arkansas, and he shall sell at public outcry, to the highest qualified bidder, at the main door of the Little River County Courthouse in Ashdown, Arkansas, on a credit of three months, the property above described. The proceeds of this judicial sale shall be applied, in the manner provided by law, to the judgment of the Plaintiff.

The purchaser at the Marshal's sale shall give bond with approved security to secure payment of the purchase price, and a lien shall be retained on the property to secure payment thereof. If the Plaintiff purchases the property for an amount not in excess of its judgment and costs, which are hereby granted, it may credit the amount of its bid, less all court costs, upon its judgment and need not give bond to secure the purchase price.

IT IS FURTHER ORDERED, that upon judicial sale of this property, and confirmation thereof by this Court, then all right, title and interest of all parties in and to said property, including

5

any rights or possibility of curtsy, dower, homestead, appraisement and redemption are forever barred and FORECLOSED. Should the sale bring proceeds or credits in excess of the Plaintiff's claim and costs, the Court will determine the rightful owner thereof.

JURISDICTION of this case is retained.

*Approved as to Content:*


____/s/ Claude S. Hawkins, Jr.____
Claude S. Hawkins, Jr.
Assistant U.S. Attorney
Western District of Arkansas
414 Parker Avenue
Fort Smith, AR 72901
*Attorney for the Plaintiff*


____/s/ Michael Chad Trammell____
Michael Chad Trammell
The Trammell Law Firm
418 North State Line Avenue
Texarkana, TX 71854
*Attorney for Defendant Shurtleff Tile Company*

_____
SUSAN O. HICKEY
UNITED STATES DISTRICT JUDGE

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

DEC 1 7 2012

CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK